UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANTHONY MCAULAY,

      Plaintiff,

v.

                                Case No. 26-cv-11465

                                Honorable Linda V. Parker

CLARE COUNTY, CANTEEN
SERVICES, LT. DUNN,
SGT. HOULE, CPL. SELLEN,
CPL. WHITE, CPL. NOKES, and
CPL. COULSON,

      Defendants.

_____/

## OPINION AND ORDER PARTIALLY DISMISSING CASE

Robert Anthony McAulay, confined at the Clare County Jail in Harrison, Michigan, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) For the reasons stated below, the Court is partially dismissing the Complaint.

### I.  Standard of Review

The Court permitted Plaintiff to proceed without prepayment of fees.  (ECF No. 4.)  In that instance, the Court must screen his Complaint and dismiss it to the extent it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

When evaluating a complaint under that standard, the courts must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (citations omitted). The court must accord more deference to a pro se complaint than to a complaint drafted by a lawyer. "Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532

2

(6th Cir. 2001).   The plaintiff must allege that "the defendants were personally involved in the alleged deprivation of federal rights."   *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).

## II.   Complaint

Plaintiff names eight Defendants in his Complaint: (1) Clare County, (2) Canteen Services, (3) Lt. Dunn, (4) Sgt. Houle, (5) Cpl. Sellen, (6) Cpl. White, (7) Cpl. Nokes, and (8) Cpl. Coulson.   (ECF No. 1 at PageID.1-3, 5.)   Plaintiff indicates that he is suing Defendants in their individual and official capacities. (*Id.*)

Plaintiff asserts that during the month of Ramadan this year, all the officers as well as canteen services were made aware that prisoners observing Ramadan were being provided inadequate food.   Despite complaints, Plaintiff was informed by staff that he could either "deal with it" or remove himself from the Ramadan meal list.   The refusal to correct the problem forced Plaintiff to "go against [his] religion" or "starve to death."   (*Id.* at PageID.6.)

Plaintiff asserts that another prisoner who worked in the kitchen heard a kitchen staff member named "Jim" say, "F**k the Muslims.   They don't deserve s**t," and that he "was a Marine over there in the war and killed plenty of those

3

pieces of s**t." (*Id.*)  Plaintiff brought this to the attention of staff, but nothing changed.  (*Id.*)

Plaintiff alleges that "all corrections staff that passed out our Ramadan trays" saw the trays and heard the complaints about the lack of adequate food. (*Id.* at PageID.8.)  These staff members were told by the "Cpl's on shift" to tell the prisoners "to deal with it." (*Id.*)  Plaintiff alleges that "every officer and superior officer in the jail" knew of the problem and saw it first-hand, but they told the prisoners "to deal with it or be taken off Ramadan." (*Id.*)

Plaintiff seeks: (a) to have the jail and its officers "fix the racial and religious problems that they are allowing to continue at their jail"; (b) monetary damages for the violation of his First Amendment rights; and (c) damages for pain and suffering.  (*Id.* at PageID.9.)

### III.   Partial Dismissal

### A.   Clare County Jail and Canteen Services

Section 1983 imposes liability only on "persons."  It is well-settled under Michigan law that county jails and sheriff's departments are not legal entities amenable to suit under § 1983.  *Petty v. Cnty. of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007), abrogation on other grounds recognized by *Bailey v. City of Ann Arbor*,

860 F.3d 382, 389 (6th Cir. 2017) (county sheriff's department is not a "person" subject to liability under § 1983).

Based on the allegations in the Complaint, Plaintiff has not plausibly alleged a claim against Clare County.   Local governmental entities, like Clare County, cannot be held liable under § 1983 solely for the acts of their agents—the agents are accountable under that statute for their own conduct.   *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that "a municipality cannot be held liable [under section 1983] solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory").

In *Monell*, the Supreme Court held that municipalities and other local governmental units are "persons" subject to liability under § 1983.   *Id.* at 694. However, the Court declared that a governmental unit may only be liable under the statute when its "policy" or "custom," directly inflicted the constitutional injury. *Id*.   In his Complaint, Plaintiff does not identify a policy or custom attributable to Clare County that was the moving force behind a violation of his constitutional rights or caused him injury.

5

## B.   Official Capacity

Plaintiff sues Defendants in both their official and individual capacities. Official capacity lawsuits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell*, 436 U.S. at 690 n.55).   An official capacity suit is to be treated as a suit against the entity itself.  *Id*. at 166 (citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985)); *see also Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).   Plaintiff's official capacity claims against the individual defendants are therefore another way to sue Clare County itself.  *See id*. at 16. And as discussed above, Plaintiff does not state a claim against Clare County because his Complaint does not identify an alleged policy or custom that resulted in his injury under *Monell*.   Plaintiff's official capacity claims are therefore dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Defendants Clare County Jail, Canteen Services, and the individually named defendants in their official capacities, only, are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2), and these parties are terminated from the action.   Plaintiff's First Amendment claim against

6

the six individual defendants, to the extent they are sued in their individual

capacities, will proceed.

      **SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 12, 2026


I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 12, 2026, by electronic and/or U.S. First Class mail.


s/Aaron Flanigan<br>
Case Manager