UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANTHONY MCAULAY,<br><br>Plaintiff,<br><br>v.<br><br>LT. DUNN, *et al.*,<br><br>Defendants. | Case No. 26-cv-11465<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER STRIKING PLAINTIFF'S IMPROPER FILINGS (ECF NOS. 12, 20)**

Plaintiff Robert Anthony McAulay, a pro se prisoner of the Michigan Department of Corrections, sues under 42 U.S.C. § 1983. ECF No. 1. The Honorable Linda V. Parker referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 9.

Some of McAulay's filings are improper. Federal Rule of Civil Procedure 7(a) authorizes parties to file various pleadings, limited to: a complaint; an answer to a complaint; an answer to a counterclaim; an answer to a crossclaim; a third-party complaint; an answer to a third-party complaint; or, if the court orders one, a reply to an answer. Parties may also file motions that "state with particularity the grounds for seeking" a

court order. Fed. R. Civ. P. 7(b). And the Court's local rules permit parties to file responses and replies to motions. E.D. Mich. LR 7.1(d).

McAulay filed a letter describing correspondence he had with jail officials and requesting access to certain documents. ECF No. 12. And following the filing of Defendants' answer and affirmative defenses, McAulay filed a document entitled, "plaintiffs [sic] responses to defenses." ECF No. 20. Responses to answers are not allowed. *Harmon v. Goodwin*, No. 3:24-CV-00047-GNS, 2025 WL 2263693, at *3 (W.D. Ky. Aug. 7, 2025) ("The filing of an answer usually closes the pleadings, and a response to an answer is not allowed.") (cleaned up); *Jones v. Warden Ross Corr. Inst.*, No. 2:11-CV-871, 2012 WL 3245521, at *1 (S.D. Ohio Aug. 9, 2012) ("There is no question that a response to an answer is an unauthorized pleading."). Because both filings are not authorized under federal or local rules, the Court **STRIKES** them. ECF No. 12; ECF No. 20.

The Court also **WARNS** McAulay that he may face sanctions if he clogs the docket with improper filings. "Every paper filed with the Clerk of this court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Moore v. Hillman*, No. 4:06-CV-43, 2006 WL 1313880, at *4

(W.D. Mich. May 12, 2006). McAulay's pro se status does not give him license "to clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Bradley v. Wallrad*, No. 1:06CV246, 2006 WL 1133220, at * 1 n.2 (S.D. Ohio Apr. 27, 2006) (cleaned up). If McAulay continues to do so, the sanctions that he may face include "(1) involuntary dismissal with prejudice; (2) revoking the plaintiff's IFP status; and (3) enjoining the plaintiff from filing lawsuits in this district without leave of court." *Hardy v. Whitaker*, 351 F.R.D. 84, 100 (E.D. Mich. 2026).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: September 15, 2026

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge. Fed. R. Civ. P. 72(a). The district judge may sustain an objection only if the order is clearly erroneous or contrary to law. 28 U.S.C. § 636. **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."** E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 15, 2026.

s/Caitlin Shrum
CAITLIN SHRUM
Case Manager